**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

BAYRON GARCIA,

Plaintiff,

v.

ASSEFA G. FELEKE,
PAULINA FELEKE,
MUHAMMAD QASIM and
KINFEMICHAEL ASHEBER,

Defendants.

Civil Action No. 25-3217-TDC

## MEMORANDUM ORDER

Plaintiff Bayron Garcia has filed this civil action against Defendants Assefa G. Feleke, Paulina Feleke, Muhammad Qasim, and Kinfemichael Asheber in which he alleges that they executed or otherwise participated in a fraudulent transfer of real property from Assefa Feleke to Qasim to evade satisfaction of a judgment obtained by Garcia against Assefa Feleke in the Superior Court of the District of Columbia. Garcia previously named as a defendant Upper Marlboro Preferred Properties, LLC, doing business as Keller Williams Preferred Properties, which has been dismissed from the case.

In the operative Amended Complaint, Garcia asserts nine claims in the following numbered counts: (1) fraudulent transfer, in violation of D.C. Code Ann. § 28–3104(a) (West 2001); (2) constructive fraudulent transfer, in violation of D.C. Code Ann. § 28–3104(a)(2); (3) fraudulent conveyance, in violation of Md. Code Ann., Com. Law § 15–204 (LexisNexis 2025); (4) fraudulent conveyance, in violation of Md. Code Ann., Com. Law § 15–207; (5) civil conspiracy, in violation of District of Columbia common law; (6) civil conspiracy, in violation of Maryland common law;

(7) civil racketeering, in violation of 18 U.S.C. § 1962(c); (8) subsequent transferee liability under D.C. Code Ann. § 28–3108; and (9) unjust enrichment, in violation of District of Columbia and Maryland common law. Garcia asserts Count 1 against only Assefa Feleke, Qasim, and Asheber; Counts 2 through 7 against all Defendants; Count 8 against only Qasim and Paulina Feleke; and Count 9 against only Qasim, Asheber, and Paulina Feleke.

Qasim has filed an Answer to the Amended Complaint, and this case is presently in discovery. Asheber, Assefa Feleke, and Paulina Feleke have filed Motions to Dismiss the Amended Complaint, which are fully briefed. Upon review of the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motions will be DENIED.

**DISCUSSION**

**I. Kinfemichael Asheber**

Asheber has filed a two-paragraph Motion to Dismiss, construed as seeking dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), in which he seeks dismissal of the claims against him on the grounds that the transaction was "properly executed," and that he acted solely under power of attorney for Qasim. *See* Asheber Mot. at 1, ECF No. 51.

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable

to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005).

Depending on the circumstances, Asheber's personal liability might be limited if he acted solely as Qasim's agent in executing the transfer. *See, e.g.*, *Ivy H. Smith Co. v. Warffemius*, 93 A.2d 764, 766 (Md. 1953) (stating that "an agent ordinarily will incur no liability for doing an act which the principal might lawfully or properly have done"); *Ace Dev. Co. v. Harrison*, 76 A.2d 566, 570 (Md. 1950) (stating that "when an official or agent signs a contract for his corporation . . . he is not personally liable for the corporate contract unless the matter is tainted by fraud"). However, Garcia alleges not only that Asheber acted under a power of attorney to execute the transfer, but also that Asheber knowingly participated in a fraudulent transaction and that his participation "was intended to further obscure the fraudulent nature of the transfer" and reduce the risk of detection of the conspiracy. Am. Compl. ¶ 49, ECF No. 14. Where the Court must accept the factual allegations in the Amended Complaint as true, and where there appears to be a factual dispute over the scope and purpose of Asheber's role in the property transfer and the extent of his knowledge of any fraud, the Motion will be denied.

## II. Assefa Feleke and Paulina Feleke

Assefa Feleke and Paulina Feleke have filed a Motion to Dismiss on the grounds that the Court lacks subject matter jurisdiction over this case. It is the plaintiff's burden to show that subject matter jurisdiction exists. *Evans v. B.F. Perkins Co., Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal when it believes that the plaintiff has failed to make that showing. When a defendant asserts that the plaintiff has failed to allege facts sufficient to establish subject matter jurisdiction, the allegations in the complaint are assumed to be true under the same standard as in a Rule

12(b)(6) motion, and "the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). When a defendant asserts that facts outside of the complaint deprive the court of jurisdiction, the Court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *Kerns*, 585 F.3d at 192. The court should grant a Rule 12(b)(1) motion based on a factual challenge to subject matter jurisdiction "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647 (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

In their Motion, Assefa Feleke and Paulina Feleke assert that the Amended Complaint must be dismissed because Garcia has failed to allege sufficient facts to establish diversity jurisdiction under 28 U.S.C. § 1332(a). Federal courts have original jurisdiction over civil cases, with some exceptions not relevant here, only in two instances: (1) under federal question jurisdiction, where the case involves an issue of federal law, *see* 28 U.S.C. § 1331, or (2) under diversity jurisdiction, which requires complete diversity of citizenship between plaintiffs and defendants and that the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. Here, where the Amended Complaint asserts a federal civil racketeering claim in Count 7, the Court has federal question jurisdiction over this case. *See Okla. Tax Comm'n v. Graham*, 489 U.S. 838, 840–41 (1989) ("The presence or absence of federal-question jurisdiction . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim."). The Court therefore need not resolve whether there is complete diversity of citizenship in order to establish subject matter jurisdiction.

Even assuming, as Assefa Feleke and Paulina Feleke assert in their reply brief, that Count 7 does not suffice for purposes of federal question jurisdiction, the Court also has diversity

jurisdiction over this case. Diversity of citizenship is established where the case is between "citizens of different States" or between "citizens of a State and citizens or subjects of a foreign state," but not between "citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." 28 U.S.C. § 1332(a)(1)–(2). The Amended Complaint alleges that Garcia is "a citizen of the District of Columbia" in that he is "domiciled in the District of Columbia," or, alternatively, that he is "a citizen or subject of a foreign state" who is "domiciled in the District of Columbia." Am. Compl. ¶¶ 2–4. The Amended Complaint also alleges that Assefa Feleke, Paulina Feleke, and Qasim are citizens of Maryland, and that Asheber is a citizen of Virginia. Thus, whether Garcia is deemed to be a citizen of the District of Columbia or of a foreign state, and where there is no basis to conclude that he is a lawful permanent resident who is domiciled in Maryland or Virginia, there is complete diversity of citizenship between Garcia and Defendants. Where the Amended Complaint also plausibly alleges that the amount in controversy exceeds $75,000, the Court has diversity jurisdiction under 28 U.S.C. § 1332.

In the Motion, Assefa Feleke and Paulina Feleke contest Garcia's District of Columbia citizenship because the Amended Complaint does not allege that Garcia is a citizen of the United States. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State."). They also contest Garcia's domicile in the District of Columbia because the address listed under Garcia's name in the case caption is the address of the law firm representing Garcia. However, if Garcia is not a United States citizen and therefore not a citizen of the District of Columbia, then he is a foreign citizen, which suffices for diversity jurisdiction. Further, the Motion provides no independent factual basis, such as

documentary evidence or an affidavit, to dispute the assertion that Garcia is domiciled in the District of Columbia, or to support a finding that Garcia is either a citizen of Maryland or Virginia, or a lawful permanent resident domiciled in Maryland or Virginia, such that diversity jurisdiction would not exist. In light of the lack of countervailing evidence, the Motion will be denied because "the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. The Motion to Dismiss filed by Asheber, ECF No. 51, is DENIED.
2. The Motion to Dismiss filed by Assefa Feleke and Paulina Feleke, ECF No. 52, is DENIED.
3. Asheber, Assefa Feleke, and Paulina Feleke shall each file an Answer to the Amended Complaint no later than **14 days** after the date of this Order.

Date: August 19, 2026

THEODORE D. CHUANG
United States District Judge